IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAYTONA TECH REPAIR LLC, et al., | Case No. 1:22-cv-01093 |
| Plaintiffs, | |
| -vs- | JUDGE DAVID A. RUIZ |
| MMI-CPR LLC, *et al.*, | ORDER |
| Defendants. | |

On September 1, 2022, Plaintiffs Daytona Tech Repair LLC and DeLand Tech Repair LLC ("Plaintiffs") and Defendants MMI-CPR, LLC and Assurant, Inc. ("Defendants") jointly filed a Motion to Stay Proceedings Pending Arbitration. (R. 17).  On October 7, 2022, the Court granted that motion (R. 20).  After receiving no update for nearly two years, the Court ordered the parties to file a Joint Status Report. After the filing of the Joint Status Report (R. 22), Defendant filed a Motion to dismiss without prejudice for failure to prosecute or, in the alternative, Motion to strike class allegations on October 18, 2024. (R. 23). Plaintiff opposed said motion (R. 25), and Defendant filed a reply in support. (R. 26).

It appears very little has been done in furtherance of this matter since the Court stayed the case. Plaintiff's counsel explains the lack of diligence in this action by pointing to his representation of plaintiffs in thirty other arbitration proceedings against the same Defendant. (R. 25). Plaintiff

also contends that Defendants have created "the majority of delays." *Id*. Finally, Plaintiff argues that this Court lacks authority to dismiss a case that has been stayed pending arbitration.[1] *Id*.

Plaintiff does not dispute that arbitration has been on inactive status since this case was stayed, or that Plaintiff only requested the arbitration case be moved to active status in November 2024—after Defendant moved for dismissal. (R. 25, PageID# 476-477). Plaintiff filed this action and bears the burden of prosecuting it, or the arbitration while this action is stayed. Nevertheless, reviewing the materials cited by the parties, it appears both sides have contributed to the extensive delay. Therefore, the Court DENIES Defendant's Motion to dismiss/Motion to strike class allegations. (R. 23).

Unlike the past two years, the Court expects the parties to actively pursue arbitration and engage in needed discovery. To that end, the parties shall file a Joint Status Report every ninety (90) days. Failure to do so may result in dismissal of this action without further notice for failure to comply with the Court's Order, and for failure to prosecute.

IT IS SO ORDERED.

                                                               *s/ David A. Ruiz*
                                                               David A. Ruiz
Date: January 29, 2025                          United States District Judge

---

[1] While the Court need not decide this issue at this time, the Court is highly skeptical that S*mith v. Spizzirri*, 601 U.S. 472, 475-78 (2024) implicitly stripped district courts of their authority to dismiss actions for failure to prosecute or failure to comply with a court's orders. Other courts have not engaged in such an expansive interpretation. *See, e.g., Yanez v. DISH Network, LLC*, No. 21-CV-00129, 2024 WL 3016565, at *5 (W.D. Tex. June 14, 2024) (dismissing case stayed pending arbitration for failure to prosecute and rejecting argument that *Smith* prevented such an action); *McCollough v. Flying Horse, Inc.*, No. 24-CV-153, 2024 WL 4181781, at *2 (E.D. Tenn. Sept. 12, 2024) (expressly indicating that—even after *Smith*—"[f]ailure to timely file the required reports will result in the dismissal of this action under Rule 41(b) for failure to comply with a Court Order.")